UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAY DEDAL,<br><br>   Plaintiff,<br><br>  v.<br><br>COVENANT AVIATION SECURITY LLC, et al.,<br><br>   Defendants. | Case No. 19-cv-01842-JD<br><br>**ORDER RE MOTION FOR REMAND**<br>Re: Dkt. No. 18 |

This is a personal injury action arising out of plaintiff Mary Dedal's fall at San Francisco International Airport while going through a security checkpoint. She alleges the fall left her with "severe and lasting injuries." Dkt. No. 1-1 ¶ 7. The case was initially filed by Dedal in state court but defendant PrimeFlight Aviation Services, Inc. removed it, invoking the Court's diversity jurisdiction under 28 U.S.C. Sections 1441(b) and 1332. Dkt. No. 1. Dedal requests that the case be remanded to the state court because, she argues, the "Doe" defendants named in her complaint destroy the complete diversity of citizenship required for removal. Dkt. No. 18. Remand is denied.

While it is certainly true that federal courts are courts of limited jurisdiction, this case was properly removed. As Dedal acknowledges, Congress has expressly directed in 28 U.S.C. § 1441(b)(1) that, "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." *See* Dkt. No. 18 at 4. Our circuit has repeatedly applied this clear statutory mandate, which has been on the books since 1988. *See*, *e.g.*, *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998) ("28 U.S.C. § 1441(a) explicitly provides that the citizenship of defendants sued under fictitious names shall be disregarded for purposes of removal.

As such, the district court was correct in only considering the domicile of the named defendants."); *Bryant v. Ford Motor Co.*, 886 F.2d 1526, 1528 (9th Cir. 1989) ("Congress obviously reached the conclusion that doe defendants should not defeat diversity jurisdiction.").

Even so, Dedal relies heavily on an out-of-circuit case, *Marshall v. CSX Transportation Co., Inc.*, 916 F. Supp. 1150 (M.D. Ala. 1995), to argue for remand on the basis of the Doe defendants. The reliance is misplaced for several reasons. To start, *Marshall* is manifestly not "controlling authority," as Dedal suggests, Dkt. No. 23 at 1, and is contrary to Ninth Circuit precedent. In addition, it is off point factually. In *Marshall,* the plaintiffs' counsel "placed a courtesy call to counsel for defendant CSX," notifying him that she had just filed a motion with the state court to amend the complaint to replace defendant "Fictitious Party 'B'" -- "the engineer who was operating the train at the time of the incident" -- with a named, non-diverse individual. 916 F. Supp. at 1151. A day after that call, the defendants filed a notice of removal, with the removal notice being docketed "just prior to the plaintiffs' motion to amend." *Id*. The court noted that, "upon notification by the plaintiffs that they were planning to amend their complaint to add a non-diverse defendant, it appears that the defendants raced to the county courthouse to file their notice of removal before the plaintiffs' motion to amend was actually filed." *Id*. n.2. The court further observed that this behavior "reflect[ed] poorly upon the defense attorneys in this case." *Id*.

The circumstances here are entirely different. While the complaint alleges "that Defendants DOES 1 through 5 were security agents residing within the County of San Mateo, State of California" and "DOES 6 through 10 were employees of PRIMEFLIGHT, residing within the County of San Mateo, State of California," Dkt. No. 1-1 ¶ 4, Dedal does not appear to have ascertained the Doe defendants' true identities, or made an effort to do so. The recently filed joint case management conference statement indicates that that is not likely to change because the parties agree that they "do not intend to amend the pleadings at this time." Dkt. No. 29 at 2. Nor is there any indication that the "defendants attempted to thwart" any efforts on plaintiff's part to ascertain the Doe defendants' identities. *Newcombe*, 157 F.3d at 691. As such, the circumstances of this case are unlike those in *Marshall*, 916 F. Supp. 1150, and under the actually controlling law

of our circuit, "equity does not require the result requested by" plaintiff, namely remand. *Newcombe*, 157 F.3d at 690.

Dedal does not contest that complete diversity exists among the named parties, or that the amount in controversy exceeds $75,000. Consequently, because "the defendants did not act improperly and because the statutory requirements for removal were met, removal was proper," *Newcombe*, 157 F.3d at 691, and the remand motion is denied.

**IT IS SO ORDERED.**

Dated: July 9, 2019

JAMES DONATO
United States District Judge